ARMOUR & COMPANY, Inc., Appellant,

v.

JUSTICE DAIRY, Inc., et al., etc., Appellees.

Court of Appeals of Kentucky.

March 21, 1958.

L. C. Farley, Pikeville, for appellant.

O. T. Hinton, Pikeville, for appellees.

MILLIKEN, Judge.

This case is before us on motion for an appeal under KRS 21.080.

Armour & Company, Inc., sued Justice Dairy, Inc., and Hugh B. Hall and Charles E. Justice, doing business as Justice Dairy, and Hall and Justice individually on an unpaid check for $512.18, signed "Justice Dairy, Hugh B. Hall," and on an open account for $230.43, both the check and open account representing merchandise sold by Armour & Company, Inc. The complaint alleged that Justice Dairy, Inc., was a corporation principally owned by Hall and Justice, but that Hall and Justice individually "are responsible severally and separately, and as agents for said business and obligations of defendants or dependents. That at times they held themselves out as a partnership, and other times as a corporation in a manner to misrepresent and mislead creditors and others. That individually and or as stockholders they or the corporation should be made responsible for their debts." The complaint further alleged that the Justice Dairy, Inc., had become heavily involved financially and had been taken over in toto by Foremost International Dairy, Inc., which allegedly resulted in a preference of creditors. The prayer of the complaint sought judgment against Justice Dairy, Inc., and against Hall and Justice individually, and a general attachment of the assets of Justice Dairy, Inc. Hall answered admitting the liability of Justice Dairy, Inc., but denying any personal liability.

Judgment was entered on March 21, 1956, against Justice Dairy, Inc., with the right reserved to Armour & Company, Inc., to proceed against Hall and Justice "in the event full satisfaction of all claims set forth are not realized by appropriate execution on this judgment, that is, whatever claim he (it) may have against them, and does not waive same herein." Subsequently, on September 28, 1956, when a hearing was had upon whether Armour & Company, Inc., could proceed against Hall and Justice after judgment had been obtained against Justice Dairy, Inc., the court dismissed the claim against the individuals on the theory that the claim was, in effect, an alternative pleading and that the judgment obtained against the corporation amounted to an election of remedies by the complainant. It is not revealed in the record whether any execution was levied against Justice Dairy, Inc., but we assume that no satisfaction was obtained in any event.

The theory of Hall and Justice is that the judgment against their corporation precludes judgment against them individually, that they cannot be liable both as a corporation and as individuals, and by obtaining the judgment against Justice Dairy, Inc., the claimant is precluded from proceeding further against the individual defendants. On the other hand, the claimant, appellant, asserts that it seeks judgment against the Justice Dairy, Inc., and Hall and Justice individually if it can establish that the credit actually was extended to them as individuals. It will be noted that the judgment against Justice Dairy, Inc., expressly keeps open the question of the liability of the individuals, Hall and Justice. Since joint and several liability of Justice Dairy, Inc., and Hall and Justice individually is alleged in the complaint, the judgment against Justice Dairy, Inc., does not bar the actions against Hall and Justice unless and until the judgment against Justice Dairy, Inc., is satisfied. Ky.Digest, Judgments,

The motion for an appeal is granted, and the judgment dismissing the claims against Hall and Justice as individuals is reversed for proceedings in accordance herewith.